## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC as Trustee<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNOBEL, JEFFREY PIERNE, NEAL YAWN, DEAN BARTNESS, SIANA STEWART, and CID YOUSEFI<br><br>Defendants. | CASE NO. 16-CV-62028-JAL<br><br>**ORAL ARGUMENT REQUESTED** |

## MOTION TO DISMISS COMPLAINT

Defendant Neal Yawn ("Yawn"), by counsel, hereby moves to dismiss Plaintiff's Complaint with prejudice, and states as follows:

Yawn incorporates by reference the relevant portions of the Amended Memorandum in Support of Defendants David Knobel, Jeffrey Pierne, Dean Bartness, Siana Stewart, and Cid Yousefi's Motion to Dismiss Complaint for Breach of Fiduciary Duty ("Memorandum") (Dkt. No. 23), which was previously filed on behalf of the other Defendants in support of their Motion to Dismiss (Dkt. No. 20).[1] For the sake of brevity, Yawn will not repeat here in full the arguments already contained in the Memorandum. Instead, Yawn will succinctly set forth argument demonstrating that the Complaint is deficient as to the few allegations that relate specifically to him.

---

[1] Yawn does not incorporate the arguments that apply exclusively to other defendants, including the arguments at Parts IV.B and IV.C of the Memorandum.

MIAMI 5231288.1 82147/47883

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

Plaintiff failed to allege with particularity that any Defendant—including Yawn—personally violated Department of Education ("DOE") regulations with the requisite scienter. *See* Memorandum at 6–8 (Part IV.A.1.a.). The Complaint hinges on the existence of putatively inaccurate financial reports as they relate to DOE funding. But such inaccuracies, even if they existed, do not qualify as sufficient "red flags" of scienter under Delaware law, and in any event would not have fallen within Yawn's authority as COO. *Id.* at 8–10 (Part IV.A.1.b.). In addition, while the Complaint devotes much attention to emails involving some of the Defendants, those emails fail to establish scienter as to any Defendant, and none of them were sent by, were addressed to, or even mentioned Yawn. *Id.* at 10–11 (Part IV.A.1.c.).

Plaintiff offered nothing more in support of its cause of action beyond the allegations of unreconciled financial reports and a pair of dated email chains, none of which involved Yawn at all, and none of which come close to a plausible allegation of scienter. *Id.* at 11–12 (Part IV.A.1.d.). Moreover, Plaintiff failed even to connect the dots between those allegations and any putative allegation that Defendants knew that a DOE regulation was breached—if such knowledge would even have been actionable. Instead, Plaintiff posits that the Defendants "knew or should have known" that regulations were being broken. But Plaintiff's *ipse dixit* is not enough to survive a motion to dismiss, because simply claiming, with nothing more, that Defendants "knew or should have known" is conclusory, impermissible "group-pleading," and so lacking in a factual predicate as to be implausible on its face. *Id.* at 11.

Federal pleading standards after *Iqbal* and *Twombly* require more than baseless accusations; here, Plaintiff has offered little else, even in the rare instances where it mentions Yawn at all. In fact, Plaintiff's only allegation touching upon scienter with any specificity concerns not the Defendants, but unnamed FCC "staff." *See* Complaint ¶48 (alleging "intentional

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL 33131-3456

misrepresentation" by unnamed staff in the Financial Services Office); *see also* Memorandum at 12 (discussing same). Plaintiff offered no authority—because there is none—for the proposition that an alleged fiduciary can be vicariously liable for acts committed by others where the fiduciary lacks the requisite state of mind.

When the Complaint does specifically mention Yawn, the allegations are sparse, as they are with the other Defendants. *See* Memorandum at 16–17 (Part IV.A.1.g). There is only one allegation that is specific to Yawn: the claim that he would over-report student enrollment and under-report student withdrawals. *See* Complaint (Dkt. 1) ¶¶ 6(a) and 99–100. But even if Plaintiff could prove these allegations, they are not actionable because a director or officer is not liable for breach of fiduciary duty simply because the company's employees made book-keeping errors or the company missed its projections. *Id*. at 8–9 and 16–17. The Complaint's allegation that Yawn over-reported enrollment and under-reported withdrawals is simply not a plausible allegation that he consciously disregarded his duties or knowingly broke the law.

Like the other Defendants, Yawn cannot be held liable simply because a software system did not perform as intended, despite Defendants' good-faith efforts to address the problem. *See id.* at 14–16 (Part IV.A.1.f.) This is especially true where the DOE had rewarded FCC's remedial efforts in the previous school year with funding. *See id.* at 12–14 (Part IV.A.1.e.)

For all of the foregoing reasons, the Court should dismiss, with prejudice, Plaintiff's claim for breach of fiduciary against Neal Yawn, and grant all other relief it deems just and proper.

CASE NO. 16-CV-62028-JAL

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE**
**& AXELROD LLP**

*Counsel for David Knobel, Jeffrey Pierne,*
*Neal Yawn, Dean Bartness, Siana Stewart*
*and Cid Yousefi*

1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By: ___/s/ Michael N. Kreitzer_____
   **MICHAEL N. KREITZER**
   (FBN 705561)
   mkreitzer@bilzin.com
   **JAMES J. WARD**
   (FBN 93651)
   jward@bilzin.com
   **KENNETH DUVALL**
   (FBN 121826)
   kduvall@bilzin.com
   eservice@bilzin.com
   mavin@bilzin.com
   stapanes@bilzin.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2016, I electronically filed the foregoing with the Clerk of Court, using CM/ECF.  I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic filing generated by CM/ECF.

_____ */s/Michael Kreitzer*_____
   Michael Kreitzer