## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC as Trustee<br><br>Plaintiff,<br><br>v.<br><br>DAVID KNOBEL, JEFFREY PIERNE, NEAL YAWN, DEAN BARTNESS, SIANA STEWART, and CID YOUSEFI<br><br>Defendants. | CASE NO. 16-CV-62028-JAL-JG |

## DEFENDANTS' OPPOSING MEMORANDUM OF LAW
## TO PLAINTIFF'S MOTION FOR RECONSIDERATION

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    Introduction .................................................................................................................... 1

II.    Applicable Law .............................................................................................................. 2

III.    Argument ....................................................................................................................... 4

    A.    There Is No Reason, and No Basis, for Reconsideration of the Order. .................. 4

        1.    The Order Was Correctly Decided. .............................................................. 4

        2.    The Only "Error" Was Plaintiff's Failure to State a Claim. ........................ 6

        3.    Plaintiff Is Improperly Relitigating Old Matters. ........................................ 9

    B.    A Motion to Modify the Order to Grant Leave to Amend Is Impermissible Because the Case Is Closed and the Action Is Dismissed. .................................. 10

        1.    Because the Case Is Closed, the Complaint Cannot Be Amended. .......... 10

        2.    Rules 59 and 60 Procedurally Bar Amendment. ........................................ 13

IV.    Conclusion ................................................................................................................... 14

    CERTIFICATE OF SERVICE ................................................................................... 15

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Acevedo-Villalobos v. Hernandez*,
 22 F.3d 384 (1st Cir. 1994) ..............................................................................................13

*Aldana v. Del Monte Fresh Produce, N.A., Inc.*,
 416 F.3d 1242 (11th Cir. 2005) ..........................................................................................8

*Alphamed, Inc. v. B. Braun Med., Inc.*,
 367 F.3d 1280 (11th Cir. 2004) ..........................................................................................3

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ...........................................................................................................5

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ...........................................................................................................5

*Burger King Corp. v. Ashland Equities, Inc.*,
 181 F. Supp. 2d 1366 (S.D. Fla. 2002) ............................................................................10

*Ciralsky v. C.I.A.*,
 355 F.3d 661 (D.C. Cir. 2004) .........................................................................................12

*Czeremcha v. Machinists*,
 724 F.2d 1552 (11th Cir. 1984) ............................................................................10, 11, 13

*Deutsche Bank Nat. Trust Co. v. Citibank, N.A*,
 494 F. App'x. 974 (11th Cir. 2012) .................................................................................8, 9

*Elfenbein v. Gulf & W. Indus., Inc.*,
 590 F.2d 445 (2d Cir. 1978) .............................................................................................12

*Fed. Hous. Fin. Agency v. Deloitte & Touche, LLP*,
 2017 WL 1534948 (S.D. Fla. Apr. 27, 2017) ..................................................................14

*Ford v. Hunter*,
 534 F. App'x 821 (11th Cir. 2013) ...................................................................................12

*Freeman v. Willie A. Watkins Funeral Home of Riverdale, Inc.*,
 2017 WL 836056 (N.D. Ga. Mar. 3, 2017) ......................................................................14

*Gray v. Dane County*,
 854 F.2d 179 (7th Cir. 1988) ............................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

*Great Rivers Co-op. of Southeastern Iowa v. Farmland Industries, Inc.*,
    198 F.3d 685 (8th Cir. 1999) ..................................................................................................12

*Henderson v. Sec'y, Florida Dep't of Corr.*,
    441 F. App'x 629 (11th Cir. 2011) ..................................................................................11, 14

*In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*,
    2014 WL 2758805 (S.D. Fla. June 17, 2014) .........................................................................10

*Leone v. United States*,
    2017 WL 442749 (S.D. Fla. Feb. 02, 2017) .............................................................................3

*MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*,
    295 F.R.D. 550 (S.D. Fla. 2013) ..............................................................................................8

*McCullough v. Bd. of Regents of the Univ. Sys. of Georgia*,
    623 F. App'x 980 (11th Cir. 2015) .........................................................................................11

*Montford v. Moreno*,
    2005 WL 1369563 (11th Cir. June 9, 2005) .....................................................................2, 11

*MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*,
    212 F. Supp. 3d 1250 (S.D. Fla. Mar. 15, 2017)......................................................................3

*Mukamal v. Bakes*,
    378 F. App'x 890 (11th Cir. 2010) ......................................................................................4, 5

*Navellier v. Florida*,
    672 F. App'x 925 (11th Cir. 2016) .........................................................................................11

*North American Catholic Educational Programming Foundation, Inc. v.
    Gheewalla*,
    930 A.2d 92 (Del. 2007) ..........................................................................................................5

*Pensacola v. City of Pensacola*,
    569 F. App'x 745 (11th Cir. 2014) .........................................................................................12

*Price v. Reid*,
    161 F. App'x 773 (10th Cir. 2006) .........................................................................................12

*Regions Bank v. 62' Ocean Sport Fish*,
    2014 WL 4182217 (S.D. Fla. Aug. 21, 2014)..........................................................................9

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

## **TABLE OF AUTHORITIES**

**Page(s)**

*Rinieri v. News Syndicate Co.*,
    385 F.2d 818 (2d Cir. 1967)..................................................................................................12

*Rolls-Royce Corp. v. Heros, Inc.*,
    576 F. Supp. 2d 765 (N.D. Tex. 2008) ..................................................................................12

*Samco Global Arms, Inc. v. Arita*,
    395 F.3d 1212 (11th Cir. 2005) .............................................................................................11

*Sinaltrainal v. Coca-Cola*,
    578 F.3d 1252 (11th Cir. 2009) ...............................................................................................5

*Speaker v. U.S. Dep't of Health & Human Servs.*,
    623 F.3d 1371 (11th Cir. 2010) ............................................................................................8, 9

*Sun Life Assurance Co. of Canada v. U.S. Bank Nat'l Ass'n*,
    2016 WL 3948059 (S.D. Fla. June 9, 2016) .........................................................................10

*United States v. Cook*,
    2012 WL 1344329 (N.D. Fla. Mar. 5, 2012) ........................................................................14

*United States v. Wallace & Tiernan Co.*,
    336 U.S. 793 (1949)...............................................................................................................12

*Z.K. Marine Inc. v. M/V Archigetis*,
    808 F. Supp. 1561 (S.D. Fla. 1992) .........................................................................................6

### OTHER AUTHORITIES

Federal Rule of Civil Procedure 15 .........................................................................................2, 13

Federal Rule of Civil Procedure 59 ...........................................................................1, 2, 3, 13, 14

Federal Rule of Civil Procedure 60 ........................................................................1, 2, 3, 4, 7, 13

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

**I.      Introduction**

On April 28, 2017, this Court entered an order (Dkt. No. 76) (the "Order") granting Defendants David Knobel, Jeffrey Pierne, Dean Bartness, Neal Yawn, Cid Yousefi, and Siana Stewart's motions to dismiss (Dkt. No. 20 and 33.)  The Order dismissed Plaintiff Clingman Hanger Management Associates, LLC's Complaint (Dkt. No. 1) for failure to state a claim upon which relief can be granted, denied all pending motions as moot, and closed the case.  (Dkt. No. 76 at 9.)  The Court properly concluded that, because Plaintiff brought its suit in the name of FCC's creditors, there was no right to relief, as creditors have no right to sue for putative breaches of fiduciary duty.  *Id.*

Twenty-eight days later, Plaintiff asked this Court to reconsider the Order, arguing, in effect, that the Court had so manifestly erred in reaching its conclusion that the extreme remedy of reconsideration under Rule 59(e) or Rule 60(b)(6) was warranted.  (Dkt. No. 77–78) (the "Motion").

But Plaintiff is flatly wrong.  The Order was correct.  Indeed, the Court could not have reached any other conclusion because it is black letter law that creditors have no standing to sue a company's officers for breach of fiduciary duties owed to the company.  And far from demonstrating that reconsideration is warranted, the Motion underscores a key point: it was Plaintiff that failed to plead a cognizable cause of action, and it was Plaintiff that stuck to its flawed theory of standing, even after Defendants moved to dismiss.  Because it was Plaintiff that failed to state a claim—and *not* the Court that misconstrued the pleading—reconsideration is inappropriate.

1

Plaintiff also misses the mark by asking for a modification of the existing Order to grant leave to replead.  First, there is no pleading to amend because the case is closed.  The Court dismissed all counts and closed the case.  (Dkt. No. 76 at 9.); *see also Montford v. Moreno*, 2005 WL 1369563, at *8 (11th Cir. June 9, 2005) ("[T]he dismissal of a complaint by a district court terminates the plaintiff's right to amend under Federal Rule of Civil Procedure 15(a) [ . . . . and] if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action, a motion for leave to amend is inappropriate.").  Because the case is closed there is no live controversy before the Court.  Second, Plaintiff is procedurally barred from seeking leave to replead because it has not met the high burden that would justify reconsideration.  In short, if Plaintiff wishes to pursue its action, it may do so—but only in a new lawsuit brought by a party with cognizable legal standing.

The Order was not in error, let alone a manifest error.  Instead, it identified a fatal flaw in Plaintiff's case.  There is no reason to disturb the Court's well-reasoned decision and thus the motion for reconsideration must be denied.  Similarly, because amendment is procedurally barred and improper, the motion for modification to grant leave to amend should be denied as well.

## II. <u>Applicable Law</u>

Plaintiff seeks relief under both Rule 59(e) and Rule 60(b)(6).  Both are extraordinary remedies that are rarely granted, even when they are properly invoked.  Rule 59 is facially inapplicable because it relates exclusively to review of "judgments."  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the

judgment."). There is no doubt that the Court did not enter any judgment in the case, and so Rule 59 offers Plaintiff no relief.[1]

While Plaintiff might be able to seek reconsideration of an order under Rule 60(b)(6), it does so against an extremely difficult standard of review. This Court has explained that "federal courts grant relief under Rule 60(b)(6) *only for extraordinary circumstances*." *Leone v. United States*, 2017 WL 442749, at *2 (S.D. Fla. Feb. 02, 2017) (emphasis added). To warrant relief under Rule 60(b)(6), not only must Plaintiff show sufficiently extraordinary circumstances, but also that absent such relief, an extreme and unexpected hardship will result. *Id.*

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. There are three major grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1286 & n.3 (11th Cir. 2004)  Thus, a motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made. "Instead, a motion for reconsideration is appropriate where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . . *Such problems rarely arise and the motion to reconsider should be equally rare*." *Leone*, 2017 WL 442749 at *2.

---

[1] Even if Rule 59(e) applied, the standard for relief under this Rule is comparable to, and similarly onerous as, Rule 60(b)(6). *See, e.g., MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 212 F. Supp. 3d 1250, 1260 (S.D. Fla. Mar. 15, 2017).

3

**III.    Argument**

    **A.**    *There Is No Reason, and No Basis, for Reconsideration of the Order.*

Plaintiff has asked the Court to reconsider the Order based on a single premise: that the Court did not understand what it was doing when it dismissed the Complaint. Even if Plaintiff were correct—and Plaintiff is definitively not correct—it has not identified a single error in the Court's decision that meets the onerous standards of Rule 60(b)(6).

    **1.    The Order Was Correctly Decided.**

Reconsideration is inappropriate because the Order is correct. As the Court properly found, the Complaint expressly and unequivocally alleged that Plaintiff was bringing the action "as Plan fiduciary for FCC's creditors." (Dkt. No. 76 at 8). *See also id.* ("As a result of defendants'' fiduciary duty braches, FCC's creditors, **on whose behalf the Trustee commenced this action** (including lenders, trade vendors, and the DOE), have been damaged in an amount to be determined after trial, but not less than $150 million.") (emphasis added). The very structure of the Complaint demonstrates that it was brought on behalf of the creditors. (Dkt. No. 1 ¶ 10) (explicitly naming FCC's creditors as the party on whose behalf Plaintiff sued); *id.* ¶ 85 (explicitly discussing harms caused to FCC's creditors); *id.* ¶ 107 (explicitly demanding $150 million in recompense for FCC's creditors.) Plaintiff wrote the Complaint quite clearly, and did so on behalf of FCC's creditors.

But under *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010) and the Delaware law it interpreted, there is no cause of action by a corporation's creditors against the corporation's fiduciaries for breach of their duties. *See id.* at 898 ("The Delaware Supreme

4

Court held that creditors of an insolvent company do not have a direct claim against directors or managers for breach of fiduciary duty.") (citing *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A.2d 92, 101 (Del. 2007)).

The Court plainly understood, articulated, and then rejected Plaintiff's contention that it had standing to sue. (Dkt. No. 76 at 8) ("Plaintiff . . . cites a later part of the *Mukamal* decision that recognizes that a trustee does have standing to bring direct claims for breach of fiduciary duty on behalf of the Debtors. . . . However, that legal principle is irrelevant here because Plaintiff is not bringing the breach of fiduciary duty claim on behalf of the debtor (FCC) but rather on behalf of FCC's creditors.") (internal quotation marks and emphasis omitted). There is no flaw in the Court's reasoning, and *no* court in Florida or Delaware has ever permitted a liquidating trustee to sue solely on behalf of the debtor's creditors. *See Mukamal*, 378 F. App'x at 896.

When it ruled on the Motions to Dismiss, the Court properly relied upon the well-known standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (Dkt. No. 76 at 4) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) Under *Mukamal*, a claim on behalf of creditors for breach of fiduciary duty by the debtor's former fiduciaries is not "plausible on its face;" to the contrary, it is utterly implausible because it is expressly forbidden by binding authorities. Further, while the Court did "make reasonable inferences in Plaintiff's favor" in construing the Complaint, it was "not required to draw plaintiff's inference." (Dkt. 76 at 4) (quoting *Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and other citation omitted.)

5

Plaintiff now attempts to direct the Court to four other paragraphs in the Complaint, one of which discusses Defendants' duties to FCC (Dkt. No. 1 ¶ 97) and three of which discuss damages to FCC (Dkt. No. 1 ¶¶ 1, 97, and 108). Plaintiff claims that the inference from these paragraphs is that the Complaint was being brought on behalf of the debtor. (Dkt. No. 78 at 4–5.) But those self-selected paragraphs do nothing to alter the plain meaning or detract from the lone reasonable conclusion that Plaintiff intended to sue on behalf of the creditors. Put another way, Plaintiff cannot rely on an inference to rebut the plain text of the Complaint that it wrote.

Plaintiff does not argue that the Court got the law wrong; it cannot. Plaintiff does not argue that the Court got the facts wrong; it cannot. And Plaintiff certainly does not argue that the law or the facts have changed since the Order was issued; they have not. Plaintiff's argument, then, is that the *outcome* was wrong—but that is not a recognized basis for a motion for reconsideration. Indeed, courts unhesitatingly deny such requests for reconsideration. *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (denying motion for reconsideration where the movant was "ask[ing] the Court to rethink what the Court . . . already thought through.").

There is no doubt that the Court applied the right law to the facts as alleged in the Complaint. There was no error, and therefore no basis for reconsideration. As such, the Motion must be denied.

### 2. The Only "Error" Was Plaintiff's Failure to State a Claim.

Plaintiff now criticizes the Court for reading the Complaint as it was written. But the Court cannot be faulted for Plaintiff's decision to bring an impermissible action in this Court, let

6

alone be accused of committing a "manifest" error of law.  As explained, the error was not the Court's, and only an error by the Court can be corrected in a Rule 60(b)(6) motion.

With the benefit of hindsight, Plaintiff suggests that any fault in the Complaint is due to Plaintiff's drafting, not the Court's reading of it.  Indeed, Plaintiff states that the Complaint was "inartfully pleaded" in that it alleged a cause of action on behalf of the creditors rather than the debtor.  (Dkt. No. 78 at 5.)  Plaintiff further admits that the Complaint was, at a minimum, "inconsistent[.]"  (*Id.*)  But the Complaint was not "inartfully pleaded" or merely "inconsistent." "Inartful pleading" could explain misstating a Defendant's last name, or perhaps missing a date. What "inartful pleading" *cannot* explain is clearly alleging, in three separate places, that the Complaint seeks redress for FCC's creditors.  The Complaint says *exactly* what Plaintiff wanted it to say: that it was suing to recover damages for FCC's creditors.

There can be no doubt as to that point, because when Defendants raised in their motion to dismiss the impermissibility of a suit on behalf of the creditors, Plaintiff doubled down on its Complaint.  In responding to Defendants' argument that Plaintiff had no right to bring a fiduciary duty claim on behalf of creditors, Plaintiff addressed, and rejected, the very points the Court would later make in the Order.  (*See* Dkt. No. 37 at 4–5 & n.1 (positing that Plaintiff was entitled to sue on behalf of FCC's creditors).)  If the "error" in the case was merely one of inartful pleading, then Plaintiff had the opportunity to correct it upon reading the Motion to Dismiss. Plaintiff could have asked the Court for leave to amend to correct the "inconsistency," but it did not.  Plaintiff cannot now, in retrospect, argue that its persistent adherence to error somehow justifies reconsideration.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

Further, Plaintiff's authorities in support of its Motion are of no help.  Initially, the Court cannot consider any of the cases Plaintiff cites because they were not raised before issuance of the Order.  *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 579 (S.D. Fla. 2013).  But even if the Court could consider *Aldana v. Del Monte Fresh Produce, N.A., Inc*., 416 F.3d 1242 (11th Cir. 2005), *Deutsche Bank Nat. Trust Co. v. Citibank, N.A*, 494 F. App'x. 974 (11th Cir. 2012), and *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1383-84 (11th Cir. 2010), they are irrelevant.  In these cases, the Eleventh Circuit found that a district court should have interpreted certain contradictory passages in complaints in favor of the plaintiff.

In *Aldana*, the district court had concluded that the complaint did not adequately allege that the defendant had actively participated in the illegal behavior.  416 F.3d at 1249.  But the Eleventh Circuit noted that the complaint specifically stated that the defendant "and several other armed aggressors" took illegal actions.  *Id.*  Here, though, Plaintiff has not pointed to, and cannot point to, any passages alleging  that the action was being brought on behalf of the debtor.  Instead, Plaintiff can only point to passages that discuss harm inflicted upon FCC or duties owed to it.  (Dkt. No. 78 at 4.)  These passages do not indicate whatsoever that the action was being brought on behalf of the debtor.  At most, these allegations suggest that the creditors' interests were harmed because the cash flow and assets of the debtor were allegedly harmed by Defendants.

In *Speaker*, the district court had dismissed a complaint because the plaintiff had alleged in one paragraph that the defendant had merely "caused" an illegal disclosure rather than "made" the disclosure.  623 F.3d at 1383.  But the Eleventh Circuit found that "multiple" other portions

8

of the Complaint expressly stated that the defendant had made the disclosures. *Id.* Again, though, Plaintiff here cannot point to a single, let alone multiple, place(s) in the Complaint where it alleged that the action was being brought on behalf of the debtor.

And in *Citibank*, the Eleventh Circuit found that a plaintiff did state a claim upon which relief could be granted even though it failed to allege its status as a mortgagor, which was necessary. 494 F. App'x at 981. But here, the issue is not that the Complaint failed to clarify on whose behalf Plaintiff was bringing the Complaint. To the contrary, Plaintiff affirmatively and explicitly clarified that it was bringing the Complaint on behalf of the creditors. Thus, the Court was correct in determining that Plaintiff failed to state a cause of action cognizable under Delaware law.

### 3. Plaintiff Is Improperly Relitigating Old Matters.

The Motion should also be denied for the simple reason that it seeks to relitigate a settled issue. A party is not entitled to "rehash[] arguments that were previously raised" in its earlier memorandum. *Regions Bank v. 62' Ocean Sport Fish*, 2014 WL 4182217, at *1 (S.D. Fla. Aug. 21, 2014).

In Defendants' memoranda in support of their motion to dismiss, they argued that their motions should be granted because Plaintiff was bringing an impermissible direct action against alleged fiduciaries on behalf of creditors. (Dkt. No. 23 at 23–25 and Dkt. No. 33 at 1.) Plaintiff had the opportunity to respond to this argument in its opposition memorandum, and in fact did so, albeit in cursory fashion. (Dkt. No. 37 at 4–5 & n.1.) The Court disagreed and, relying on well-established precedent, found that Plaintiff failed to state a cause of action as a matter of law.

9

Plaintiff may believe that the Court erred, but "[t]he plaintiff[']s dissatisfaction with the undersigned's ruling is not grounds for reconsideration." *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 2014 WL 2758805, at *7 (S.D. Fla. June 17, 2014). "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citations omitted). If Plaintiff wishes to continue litigating this issue, it "will have an opportunity to make its arguments on appeal." *Sun Life Assurance Co. of Canada v. U.S. Bank Nat'l Ass'n*, 2016 WL 3948059, at *1 (S.D. Fla. June 9, 2016).

### B. *A Motion to Modify the Order to Grant Leave to Amend Is Impermissible Because the Case Is Closed and the Action Is Dismissed.*

Modification of the Order to grant leave to amend is improper as well. No amendment is possible because the case is dismissed, and closed, barring any further judicial action regarding the Complaint. Moreover, Plaintiff's inability to prevail on the motion for reconsideration is itself a bar to amendment.

#### 1. Because the Case Is Closed, the Complaint Cannot Be Amended.

The Court's order not only dismissed the action but further ordered that the case be closed. (Dkt. No. 76 at 9.) At this stage, there is no live controversy before the Court, and therefore no pleading that can be "amended." The case is closed, the matter is concluded, and so as a jurisdictional matter, repleading is not an option available to Plaintiff. *Czeremcha v. Machinists*, 724 F.2d 1552, 1556 n.6 (11th Cir. 1984). *Czeremcha* clarified that a district court

10

cannot entertain a post-dismissal motion to amend pleadings when the dismissal order disposed of the entire action. Here, it is clear for numerous reasons that the Court dismissed not only the Complaint, but the entire action.

The fact that the Court closed the case without leave to amend demonstrates that that the entire action was dismissed. *See Montford v. Moreno*, 2005 WL 1369563, at *8–*9 (11th Cir. June 9, 2005) (*per curiam*). In *Montford*, the plaintiff had filed a motion to amend the complaint after the entry of a dismissal order. *Id.* at *8. The Eleventh Circuit found that "the district court's . . . dismissal order both dismissed the amended complaint ***and ordered the case closed***." *Id.* at *9 (emphasis added). Accordingly, the Eleventh Circuit held that "the district court 'clearly indicated' that a subsequent amendment to the complaint was not possible." *Id.* Applying *Czeremcha*, the court in *Montford* held "that [the plaintiff's] motion was *inappropriate*, and that the district court did not abuse its discretion in denying [the plaintiff's] motion." *Id.* (emphasis added). Plaintiff's Motion here is inappropriate for the same reasons. *See also, e.g., Henderson v. Sec'y, Florida Dep't of Corr.*, 441 F. App'x 629, 630 (11th Cir. 2011) ("A new petition cannot be considered an amendment to an earlier petition if the earlier petition has been denied and the case closed.").

The fact that the dismissal is "without prejudice" is immaterial to the question of whether the case is closed and leave to amend should be given. *See Samco Global Arms, Inc. v. Arita*, 395 F.3d 1212, 1213 n.2 (11th Cir. 2005) ("Although the district court dismissed the case 'without prejudice,' it is clear that the order was nevertheless final, as the district court . . . closed the case without granting the plaintiff permission to amend or refile."); *see also, e.g., Navellier v. Florida*, 672 F. App'x 925, 925 n.2 (11th Cir. 2016) (same); *McCullough v. Bd. of Regents of the*

11

*Univ. Sys. of Georgia*, 623 F. App'x 980, 982 n.1 (11th Cir. 2015) (same); *Ford v. Hunter*, 534 F. App'x 821, 823 n.2 (11th Cir. 2013) (same).

Indeed, the terms "with prejudice" and "without prejudice" are "not substitutes for clear indications as to whether repleading will be allowed." *Elfenbein v. Gulf & W. Indus., Inc.*, 590 F.2d 445, 449 (2d Cir. 1978). Rather, by employing the term "without prejudice," the Court indicated only that Plaintiff was not barred by claim preclusion from filing another suit. *Id.*; *see also, e.g., Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 776 (N.D. Tex. 2008) ("[A] dismissal without prejudice permits a new action (assuming the statute of limitations has not run) without regard to res judicata principles[.]") (citing *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821 (2d Cir. 1967)); *Ciralsky v. C.I.A.*, 355 F.3d 661, 667 (D.C. Cir. 2004) (same). Defendants do not dispute that Plaintiff could try to file another lawsuit; they simply point out that Plaintiff may not continue to take action in *this* lawsuit, now that it has been dismissed.

Further, the Order was dispositive of the entire action because the Court did not dismiss merely some of the causes of action—it dismissed the entire suit (which consisted of a single cause of action). By disposing of the entirety of the case, the Order "end[ed] this suit so far as the District Court was concerned." *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949); *see also, e.g., Great Rivers Co-op. of Southeastern Iowa v. Farmland Industries, Inc*., 198 F.3d 685, 689 (8th Cir. 1999) (order dismissing entire complaint is a final order). "In the ordinary course a 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Pensacola v. City of Pensacola*, 569 F. App'x 745, 751 n.13 (11th Cir. 2014). Thus, the clear intent of this Court was to dismiss the entire action. *See, e.g., Price v. Reid*, 161 F. App'x 773, 775 (10th Cir. 2006) ("[T]his court focuses on

12

the district court's intent in issuing its dismissal order. . . . Here, we deem the district court to have intended to dismiss the entire action.").

Finally, it is clear that the Court dismissed the entire action because it did not reserve jurisdiction over the matter for any reason, let alone to allow Plaintiff to amend the defective Complaint. *See, e.g., Gray v. Dane County*, 854 F.2d 179, 182 n.4 (7th Cir. 1988) (dismissal without prejudice is a final order where district court does not "retain jurisdiction over the dispute to permit plaintiff to save by amendment otherwise deficient pleadings"). Even Plaintiff agrees that the Order disposed of the case with finality, which is why it brought a motion for reconsideration under Rule 59, which *only* applies to judgments. *Czeremcha*, 724 F.2d at 1556 n.9; *see also, e.g., Acevedo-Villalobos v. Hernandez,* 22 F.3d 384, 388 (1st Cir. 1994) ("[P]laintiffs, as evidenced by their Rule 59(e) motions, apparently understood the judgment to be final.").

The Order must be taken at face value: it dismissed the Complaint and closed the case. There is no basis for seeking leave to replead a Complaint that is no longer operative, and which is no longer before the Court. Consequently, no leave to amend is permissible or appropriate here, and so the request for modification must be denied.

### 2.     Rules 59 and 60 Procedurally Bar Amendment.

Even if the Court holds that there is still a live controversy, amendment is procedurally improper. As Plaintiff admits, Rule 15 and its allowance for liberal amendment do not apply to the request for leave to amend. (Dkt. No. 78 at 7.) Rather, Plaintiff's request is being made under Rules 59 and 60, which means that Plaintiff must first show that it is entitled to modification or vacation of the Order before it could be given leave to amend the Complaint.

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Avenue, Suite 2300, Miami, FL  33131-3456

*See, e.g., Henderson*, 441 F. App'x at 630 (denying leave to amend where petitioner failed to meet burden under Rule 59 by raising new evidence or demonstrating a manifest error of fact or law).

But as demonstrated above, Plaintiff has not met its burden in seeking reconsideration of the Order. "Since the original plaintiffs have not met their burden under Rule 59(e), the Court denies leave to amend." *Fed. Hous. Fin. Agency v. Deloitte & Touche, LLP*, 2017 WL 1534948, at *2 (S.D. Fla. Apr. 27, 2017). *See also, e.g., United States v. Cook*, 2012 WL 1344329, at *3 (N.D. Fla. Mar. 5, 2012) ("Because defendant has failed to show that the judgment on the original motion to vacate should be set aside, the motion to amend that [the pleading] should be denied accordingly.") (collecting authorities), *aff'd*, 2012 WL 1372195 (N.D. Fla. Apr. 18, 2012); *Freeman v. Willie A. Watkins Funeral Home of Riverdale, Inc.*, 2017 WL 836056, at *1–*2 (N.D. Ga. Mar. 3, 2017) ("Plaintiff . . . must first show reopening the case is appropriate pursuant to Rule 59(e)."). Thus, Plaintiff's failure to prevail on its request for reconsideration is fatal to its request for leave to amend.

## IV.  Conclusion

Plaintiff purposely pled a theory of liability rejected by every considering court, including this Court. The Order rightly determined that the Complaint sought relief on behalf of FCC's creditors and rightly dismissed the case as a result. There was no error in the Court's ruling, and so there is no basis whatsoever for reconsideration. Plaintiff has not demonstrated the kind of "manifest error or injustice" necessary to force the Court to re-examine its decision. Accordingly, the Motion for Reconsideration must be denied.

14

For similar reasons, there is no right to replead the Complaint.  The case is closed, and Plaintiff has offered no meaningful reasons why it should be allowed to disregard the termination of this matter and replead.  Plaintiff may appeal the Order, or bring a new lawsuit.  But it cannot revive the dismissed Complaint through an impermissible motion for modification.

    Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**

*Counsel for David Knobel, Jeffrey Pierne, Neal Yawn, Dean Bartness, Siana Stewart and Cid Yousefi*

1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone:   (305) 374-7580
Facsimile:   (305) 374-7593

By:   */s/ Michael Kreitzer*
    **MICHAEL N. KREITZER**
    (FBN 705561)
    mkreitzer@bilzin.com
    **JAMES J. WARD**
    (FBN 93651)
    jward@bilzin.com
    **KENNETH J. DUVALL**
    (FBN 121826)
    kduvall@bilzin.com
    eservice@bilzin.com
    mavin@bilzin.com
    stapanes@bilzin.com

## CERTIFICATE OF SERVICE

    I certify that on June 16, 2017, I electronically filed the foregoing with the Clerk of Court via CM/ECF and also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic filing generated by CM/ECF.

    */s/ Kenneth J. Duvall*
    Kenneth J. Duvall