**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC as Trustee<br><br>                 Plaintiff,<br><br>v.<br><br>DAVID KNOBEL, JEFFREY PIERNE, NEAL YAWN, DEAN BARTNESS, SIANA STEWART, and CID YOUSEFI<br><br>                 Defendants. | CASE NO. 16-CV-62028-JAL-JG |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
<u>ITS MOTION FOR RECONSIDERATION</u>**

## **TABLE OF CONTENTS**

Page

Table of Authorities ................................................................................................................... ii

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

I.   THE COURT SHOULD RECONSIDER ITS RULING THAT THE
     COMPLAINT PLEADED CLAIMS FOR DIRECT CREDITOR FIDUCIARY
     DUTIES ................................................................................................................................ 2

   A.   Defendants Admit the Complaint Alleges Their Breach of Fiduciary Duties
        Owed to FCC ................................................................................................................ 2

   B.   Defendants Conflate Claims Brought to Benefit Creditors with Claims for
        Breach of Fiduciary Duties Owed to Creditors ............................................................ 3

II.  IN THE ALTERNATIVE, THE COURT SHOULD ALLOW THE TRUSTEE
     TO AMEND THE COMPLAINT TO CLARIFY THE SOURCE OF ITS ABILITY
     TO ASSERT FCC'S CLAIMS ............................................................................................ 7

CONCLUSION ............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Cases**

*Antioch Litig. Trust v. McDermott Will & Emery LLP*,
  738 F.Supp.2d 758 (S.D. Ohio 2010) ............................................................................... 4

*Czeremcha v. Machinists*,
  724 F.2d 1552 (11th Cir. 1984) ........................................................................................ 8

*Fed. Hous. Fin. Agency v. Deloitte & Touche, LLP*,
  No. 16-21221-Civ, 2017 WL 1534948 (S.D. Fla. Apr. 27, 2017) ................................ 8 n.4

*Freeman v. Willie A. Watkins Funeral Home of Riverdale, Inc.*,
  No. 1:16-cv-00377, 2017 WL 836056 (N.D. Ga. Mar. 3, 2017) .................................. 8 n.4

*Forman v. Davis*,
  371 U.S. 178 (1962) ...................................................................................................... 8, 9

*Henderson v. Secretary, Fla. Dep't of Corrections*,
  441 F. App'x 629 (11th Cir. 2011) ................................................................................ 8 n.4

*Mukamal v. Bates*,
  378 F. App'x 890 (11th Cir. 2010) .......................................................................... 3, 4, 5, 6, 9

*Mukamal v. Bates*,
  383 B.R. 798 (S.D. Fla. 2007) ......................................................................................... 5

*N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*,
  930 A.2d 92 (Del. 2007) ......................................................................................... 3, 4, 5, 6, 7

*Pioneer Metals, Inc. v. Univar USA, Inc.*,
  168 F. App'x 335 (11th Cir. 2006) ................................................................................... 8

*Spanish Broadcasting Sys. of Fla., Inc. v. Clear Channel Comms., Inc.*,
  376 F.3d 1065 (11th Cir. 2004) .................................................................................... 7, 8

*United States v. Cook*,
  No. 5:04cr23, 2012 WL 1344329 (N.D. Fla. Mar. 5, 2012) ......................................... 8 n.4

*Williams v. Citigroup, Inc.*,
  659 F.3d 208 (2d Cir. 2011) ............................................................................................ 8

**Statutes**

11 U.S.C §1123(b)(3) ......................................................................................... 3, 4, 6

**Rules**

Fed. R. Civ. P. 59(e) ................................................................................................... 2, 7, 8

Fed. R. Civ. P. 60(b) ................................................................................................... 2, 7, 8

# INTRODUCTION[1]

The Court dismissed the Complaint because Delaware law does not recognize a claim for breach of fiduciary duties owed directly to creditors. (ECF No. 76 at 8–9). However, that rule of law does not apply to the allegations pleaded in the Complaint. As explained in the Trustee's opening brief (ECF No. 78 at 3–7) and in opposition to the motion to dismiss (ECF. No. 37 at 4, 10–26), the Complaint explicitly pleads all required elements of a claim against former officers of FCC for breaching fiduciary duties they owed *to FCC*, not its creditors, to recover damages that their misconduct caused to *FCC*, not its creditors. In response, Defendants admit the Complaint alleges that the Defendants' breached their fiduciary duties owed *to FCC* causing harm *to FCC*. (ECF No. 81 at 8) ("Plaintiff can only point to passages that discuss harm inflicted *upon FCC* or duties owed *to it*.") (emphasis added). Because the Complaint contains these allegations, it states a claim for breach of fiduciary duties owed to FCC.

Despite their admission that passages in the Complaint "discuss harm inflicted upon FCC or duties owed to it[,]" Defendants nevertheless assert that "[t]he very structure of the Complaint demonstrates that it was brought on behalf of creditors." (ECF No. 81 at 4). But there is no rule that bars fiduciary claims brought by a trustee, as assignee of a company, on 'behalf of' or 'to benefit' creditors. Defendants conflate the substantive rule that corporate fiduciaries owe their duties to the corporation and not to creditors, with a standing rule of their own invention that trustee suits can never be brought on behalf of or for the benefit of creditors. The Trustee is the assignee of FCC's claims and brings such claims for the benefit of creditors to the extent they are the beneficiaries of the FCC liquidating trust. That is the very purpose of a liquidating trust and, as this Court has already found, the Trustee has standing to assert FCC's claims. (ECF No. 76 at

---

[1] Defined terms have the same meaning as used in the opening brief. (ECF No. 78).

8). Accordingly, FCC submits that this Court should reconsider dismissal of the Complaint and, upon such reconsideration, deny the motion to dismiss.

In the alternative, the Trustee seeks modification or reconsideration of the Dismissal Order to allow the Trustee to replead the Complaint to clarify that the claims being asserted are FCC's claims and that creditors will only benefit from these claims as beneficiaries of the FCC liquidating trust. Defendants fail to advance any argument that the proposed Amended Complaint would be futile. Instead, Defendants raise specious procedural objections, purportedly barring a Court from reconsidering its own Order, and fictitious standards, purportedly barring all amendments unless there is newly discovered evidence. To the contrary, the Eleventh Circuit has expressly held that district courts must grant motions to amend brought pursuant to Rule 59(e) or 60(b) absent a specific, significant reason for denial, such as futility or bad faith. There is no such reason here.

## ARGUMENT

**I.   THE COURT SHOULD RECONSIDER ITS RULING THAT THE COMPLAINT PLEADED CLAIMS FOR DIRECT CREDITOR FIDUCIARY DUTIES**

  A.   Defendants Admit the Complaint Alleges Their Breach of Fiduciary Duties Owed to FCC

Defendants concede that the Complaint alleges that Defendants owed fiduciary duties to FCC and that FCC was harmed when the Defendants breached those duties. (ECF No. 81 at 8). Indeed, the Complaint specifically alleges that the Defendants caused harm to FCC when they breached their fiduciary duties owed to FCC (ECF No. 1 ¶¶ 1, 97, 98 and 108) and details how Defendants' misconduct caused FCC, an otherwise profitable company to collapse (*id*. ¶¶ 1-9, 80-95). Under Rule 12(b)(6), these allegations are sufficient to state a claim for breach of fiduciary duties owed to FCC, and the Court should have interpreted the two paragraphs cherry-

2

picked by Defendants in light of the entirety of the Complaint's allegations.  (*See* ECF No. 78 at 5-7) (citing authority).  (*See also* ECF No. 37 at 4) (clarifying the Trustee's source of authority to bring claims).  For this reason alone, the Court should reconsider the Dismissal Order.

> B. Defendants Conflate Claims Brought to Benefit Creditors with Claims for Breach of Fiduciary Duties Owed to Creditors

Notwithstanding the Complaint's allegations asserting the breach of fiduciary duties owed to FCC, Defendants argue that "[t]hese passages do not indicate whatsoever that the action was being brought on behalf of the debtor." (ECF No. 81 at 8).  In a similar vein, Defendants argue the Court should disregard the specific allegations because "[t]he very structure of the Complaint demonstrates that it was brought on behalf of creditors." (*Id*. at 4).  This argument makes no sense for at least two reasons.  First, the Trustee now *holds* FCC's claims pursuant to a judicial assignment effectuated by the Confirmation Order and authorized by 11 U.S.C §1123(b)(3)(B).  The Trustee is bringing FCC's claims as FCC's assignee to *benefit* the trust beneficiaries who are the creditors of FCC.  Second, Defendants have taken a rule that creditors cannot assert direct fiduciary duty claims and, without basis, turned it into a far broader rule that fiduciary duty claims cannot be brought by an assignee of such claims if the ultimate beneficiaries are creditors.

Under Delaware law corporate directors owe their duties solely to the corporation and do not owe duties directly to individual creditors.  *N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 99 (Del. 2007); *Mukamal v. Bates*, 378 F. App'x 890, 898 (11th Cir. 2010).  This is a substantive rule that prevents creditors from directly suing corporate directors for the breach of such duties because no duties are owed.  *Gheewalla*, 930 A.2d at 103 ("Recognizing that directors of an insolvent corporation owe direct fiduciary duties to creditors, would create uncertainty for directors who have a fiduciary duty to exercise their business

3

judgment in the best interest of the insolvent corporation.... Accordingly, we hold that individual *creditors* of an *insolvent* corporation have *no right to assert direct* claims for breach of fiduciary duties against corporate directors.") (emphasis in original). However, *Gheewalla* also held that creditors can bring derivative suits in the name of the corporation to enforce corporate fiduciary duties when the corporation is insolvent. *Id.* ("Creditors may nonetheless protect their interest by bringing derivative claims on behalf of the insolvent corporation...."). This is so because "[w]hen a corporation is insolvent...its creditors take the place of the shareholders as the residual beneficiaries of any increase in value." *Id.* at 101. *Accord Mukamal v. Bates*, 378 F. App'x at 898–99.

Here, the Trustee does not assert *either* type of creditor fiduciary claim. Rather, as discussed throughout this briefing, the Trustee retains the right to assert FCC's claims pursuant to the assignment contained in the Confirmation Order and the Plan. (*See* ECF No. 37 at 4; ECF No. 78 at 3). Section 1123(b)(3)(B) of the Bankruptcy Code expressly authorized the Bankruptcy Court to approve a plan permitting an estate representative, the Trustee, to enforce FCC's claims.[2] Thus, even if Delaware prohibited such an assignment to a creditor trust—which it does not—federal law, and not state law, would control, and, thus, the Trustee, pursuant to the Confirmation Order, Plan, and applicable law, is authorized to prosecute FCC's claims. *See Mukamal v. Bates*, 383 B.R. 798, 811, n.9 (S.D. Fla. 2007) (§ 1123(b)(3) and not state law governs the assignment of claims to a liquidating trust); *Antioch Litig. Trust v. McDermott Will & Emery LLP*, 738 F.Supp.2d 758, 779–82 (S.D. Ohio 2010) (§ 1123(b)(3) overrides state law prohibiting assignment of malpractice claim).

---

[2] Section 1123(b) provides "…a plan…may provide for…(A) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate or (B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose of such claim or interest."

4

Defendants claim, without citation, that "[u]nder *Mukamal*, a claim on behalf of creditors for breach of fiduciary duty by the debtor's former fiduciaries is not 'plausible on its face[.]'" (ECF No. 81 at 5).  This is a clear misreading of *Mukamal*.  Unlike the Trustee here, the trustee in *Mukamal* affirmatively sought to bring three different types of fiduciary claims: (1) "claims against the [defendants] for breaching a fiduciary duty owed directly to the creditors after the Debtors became insolvent," *Mukamal*, 378 F. App'x at 897; (2) "derivative claims on behalf of the creditors based on the [defendants'] breaches of fiduciary duties owed to the Debtors," *id*.; and (3) "[d]irect claims of the Debtors against [defendants] for breach of fiduciary duties."  *Id*. at 895.  The trustee in *Mukamal* had acquired not only the debtor's claims but also certain creditor claims pursuant to a special plan provision which transferred the claims of creditors who "knowingly, specifically, individually, and intentionally assigned their claims" to the trustee.  *Mukamal v. Bakes*, 383 B.R. at 810; 378 F. App'x at 892.  FCC's Plan has no similar provision, and the Trustee has never obtained such direct creditor claims.

To distinguish between the various types of fiduciary claims being asserted, the *Mukamal* court referred to the claims brought "on behalf of the debtor" and "on behalf of the creditors."  *Mukamal*, 378 F. App'x at 892, 897–98, and 899.  However, this shorthand did not play any role in the court's analysis and does not appear in the court's careful descriptions of the trustee's allegations.  *Id*. at 894–895.  The court dismissed the claims for fiduciary duties owed to creditors because, under *Gheewalla*, the defendants did not owe such fiduciary duties in the first place, not because they were brought 'on behalf of creditors.'  *Id.* at 898.  The court dismissed the derivative creditor claims because they were "mirror-images" of the debtor's claims, not because they were brought on behalf of creditors.  *Id*. at 898–99.  The court upheld the trustee's standing to assert the debtor's fiduciary claim because the trustee "alleges that [defendants]

5

breached both the fiduciary duty of loyalty and the fiduciary duty of care owed to the Debtors." *Id.* The court did not dismiss or uphold any claim on the basis of allegations concerning 'whose behalf' the claim was brought.

Ultimately, *Mukamal* dismissed the debtor's claims for breach of fiduciary duties because the trustee alleged that defendants breached those duties by continuing to operate the debtor's business, for the potential benefit of the shareholders, instead of liquidating the company to preserve value for creditors. *Id.* at 899–901 (relying on *Gheewalla*). By contrast, the Trustee alleges the precise opposite type of breach here: the Defendants' malfeasance *caused* FCC's entirely unnecessary liquidation when FCC was an otherwise valuable company. That claim belongs to FCC, notwithstanding that creditors were indirectly injured by the reduction in the company's value and stand first-in-line for recoveries. *See Gheewalla*, 930 A.2d at 102. ("At all times, claims of this kind belong to the corporation itself because even if the improper acts occur when the firm is insolvent, they operate to injure the firm in the first instance by reducing its value, injuring creditors only indirectly by diminishing the value of the firm and therefore the assets from which the creditors may satisfy their claims.") In other words, *Gheewalla* explicitly holds that this type of claim cannot be brought by creditors directly *because* it belongs to the corporation. No legal authority or body of law—and certainly not *Gheewalla* or *Mukamal*—bars the Trustee, as assignee of FCC, from bringing FCC's claims to benefit creditors as trust beneficiaries. Indeed, the entire purpose of §1123(b)(3) is to allow a liquidating trustee is to enforce the debtor's claims for the benefit of the estate. Prohibiting the Trustee from prosecuting such claims to benefit creditors would directly thwart Congressional intent.

The Court should reject Defendants' unfounded rule and reconsider the Dismissal Order.

## II. IN THE ALTERNATIVE, THE COURT SHOULD ALLOW THE TRUSTEE TO AMEND THE COMPLAINT TO CLARIFY THE SOURCE OF ITS ABILITY TO ASSERT FCC'S CLAIMS

In the alternative, the Court should permit the Trustee to clarify in an amended complaint that it is bringing FCC's fiduciary duty claims for harm caused to FCC, and that creditors have suffered only in so far as the Defendants reduced the value of FCC's profitable business and assets. The Trustee's proposed Amended Complaint clarifies this issue by (a) providing greater detail as to how the Confirmation Order and the Plan transferred FCC's claims to the Trustee (ECF No. 78-1 ¶¶ 8 and 12) and; (b) explaining that even though the Trustee seeks recoveries for the benefit of FCC's estate, the Trustee is still asserting FCC's claims for harm caused to FCC. (*Id*. ¶¶ 10, 136 and 148).

Defendants do not argue that these amendments would be futile or would fail to obviate the concerns identified in the Dismissal Order. Instead, Defendants contend that an exacting standard (new evidence or manifest error) applies to a post-dismissal motion to amend, and that this Court is procedurally barred from modifying or reconsidering its own order. Defendants' arguments are directly contradicted by Eleventh Circuit law.

First, Defendants badly misstate the standard for leave to amend pursuant to Rule 59(e) or 60(b). (ECF No. 81 at 13–14).[3] Even post-dismissal, "leave to amend must be granted absent a specific, significant reason for denial." *Spanish Broadcasting Sys. of Fla., Inc. v. Clear Channel Comms., Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004). In other words,

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

---

[3] Defendants also make the contradictory argument that Rule 59(e) is not applicable because the Court has not entered Judgment in this action. (ECF No. 81 at 2–3).

7

>allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be freely given.

*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). To remove any doubt, the court went on to state: "[i]n this circuit, the same [*Foman*] standards apply when a plaintiff seeks to amend after a judgment or dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e)." *Id. See also Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 F. App'x 335, 336–37 (11th Cir. 2006) (reversing because the district court failed to apply the *Forman* test to the post-dismissal motion for amendment); *accord Williams v. Citigroup, Inc.*, 659 F.3d 208, 212–14 (2d Cir. 2011) (reversing on similar grounds and remanding for determination as to whether amendment would be futile).[4]

Defendants also badly misstate the holding of *Czeremcha v. Machinists*, 724 F.2d 1552 (11th Cir. 1984) to claim that "as a jurisdictional matter….a district court cannot entertain a post-dismissal motion to amend pleadings when the dismissal order disposed of the entire action." (ECF No. 81 at 10–11). The *Czeremcha* court stated the exact opposite rule: "[t]he plaintiff may also move for relief under Rule 59(e) or 60(b) on the basis of the proposed amendments even after the action is dismissed and final judgment is entered." 724 F.2d at 1556.

---

[4] None of Defendants' authorities (ECF No. 81 at 13–14) compels a different result. *See Henderson v. Secretary, Fla. Dep't of Corrections*, 441 F. App'x 629 (11th Cir. 2011) (rejected a successive habeas petition where the prisoner failed to move the appeal court pursuant to 28 U.S.C. §2244(b)(3)(A)); *Fed. Hous. Fin. Agency v. Deloitte & Touche, LLP*, No. 16-21221-Civ, 2017 WL 1534948, at *2 (S.D. Fla. Apr. 27, 2017) (rejected a motion to amend after plaintiffs had repeatedly advanced a contrary argument on multiple motions); *United States v. Cook*, No. 5:04cr23, 2012 WL 1344329, at *3 (N.D. Fla. Mar. 5, 2012) (rejected a motion to amend filed *three years* after the plaintiff's initial motion to vacate had been denied and affirmed by two appeals); *Freeman v. Willie A. Watkins Funeral Home of Riverdale, Inc.*, No. 1:16-cv-00377, 2017 WL 836056, at *1–2 (N.D. Ga. Mar. 3, 2017) (rejecting amendment where plaintiff did not file a motion under Rule 59(e) and where plaintiff did not specify how its amendment would satisfy the rule).

Next, Defendants argue that the Dismissal Order "clearly indicated that a subsequent amendment to the complaint was not possible" merely because it ordered the case to be closed. (ECF No. 81 at 11) (internal quotations omitted).  If true, the Trustee asks the Court to reconsider its ruling in light of (a) the proposed amended complaint which shows that amendment is possible and (b) Defendants' failure to argue the futility of the amendment.

Amendment is appropriate here because, unlike in *Mukamal*, the Trustee has never argued that it intended to assert creditors' claims.  Instead, the Trustee argued that it was bringing FCC's claims (ECF No. 37 at 4, 10–26) and set forth the specific provisions in the Confirmation Order granting it the authority to bring such claims.  (*Id*. at 4); (ECF No. 76 at 6). Dismissal of the Trustee's valid and serious claims would run directly counter to the Supreme Court precedent expressing a preference for cases to be heard on their merits.  *Forman*, 371 U.S. at 181–82.  Moreover, forcing the Trustee to file the Amended Complaint as a new action will not serve any judicial interest as the parties will then need to litigate the effect of the Dismissal Order on the new action, whether the Amended Complaint is time-barred, the impact of the discovery already exchanged, as well as the discovery rulings already issued by the Magistrate Judge.  Because the proposed amendment will obviate the concerns raised by the Dismissal Order and Defendants do not argue futility, the Court should allow this action to proceed on its merits.

## CONCLUSION

The Court should reconsider the Dismissal Order or, in the alternative, should modify or reconsider the Dismissal Order to permit the Trustee to file the proposed Amended Complaint. Upon either of these rulings, the Court should reinstate the case, together with such further relief as the Court deems just and proper.

Dated:  June 23, 2017

Brian S. Dervishi (Bar No. 350303)
WEISSMAN & DERVISHI, P.A.
SunTrust International Center
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
(305) 347-4070
bdervishi@wdpalaw.com
service@wdpalaw.com

- and -

_____
Avery Samet (admitted pro hac vice)
Storch Amini PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
asamet@storchamini.com
*Attorneys for Plaintiff Clingman & Hanger Management Associates, LLC, as Trustee*

10