UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CV-62028-LENARD/GOODMAN

CLINGMAN & HANGER MANAGEMENT
ASSOCIATES, LLC as Trustee

            Plaintiff,

v.

DAVID KNOBEL, JEFFREY PIERNE, NEAL
YAWN, DEAN BARTNESS, SIANA
STEWART, and CID YOUSEFI

            Defendants.

## DEFENDANTS' NOTICE PURSUANT TO DKT. 134

Pursuant to this Court's Endorsed Order dated October 31, 2017 (Dkt. 134), Defendants submit the following:

1. Under Federal Rule of Civil Procedure 45, there is no obligation upon a subpoenaing party to produce automatically to another party any documents that were obtained pursuant to the subpoena from a third party.

2. Despite the lack of any obligation under FRCP 45, Plaintiff has requested Defendants to produce all documents that Defendants have obtained in this case via subpoena.

3. Defendants asked Plaintiff to provide its authority for such a request, and Plaintiff could not cite to the text of FRCP 45 or any case law. Instead, Plaintiff primarily relied upon a **non-binding** advisory committee note. *See Horenkamp v. Van Winkle And Co*., 402 F.3d 1129, 1132 (11th Cir. 2005) (holding that advisory committee notes are not binding, though they are accorded significant weight).

4.      Moreover, the advisory committee comment cited by Plaintiff provides that a court may order access to materials produced pursuant to a subpoena, which necessarily means that a party is not under a self-executing duty to produce such documents absent court order. *See* F.R.C.P. 45, Advisory Committee Note, 2013 Amendments ("The rule does not limit the court's authority to order notice of receipt of produced materials or access to them.").

5.      Plaintiff also cited to this Court's order that parties shall be under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information (Dkt. 34-2), but this provision appears to require supplementation of first-party discovery responses, as opposed to having any bearing on third party discovery.

6.      Nonetheless, in light of the Court's Order dated October 31, 2017 (Dkt. 133) requiring Defendants to share with Plaintiff any documents that Defendants receive from third-party TJS Deemer Dana LLP (TJS), Defendants will also make available to Plaintiff documents received from other third parties.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By:    /s/ Kenneth J. Duvall
**MICHAEL N. KREITZER**
(FBN 705561)
mkreitzer@bilzin.com
**JAMES J. WARD**
(FBN 93651)
jward@bilzin.com
**KENNETH DUVALL**
(FBN 121826)

CASE NO. 16-CV-62028-JAL-JG

kduvall@bilzin.com
eservice@bilzin.com
mavin@bilzin.com
stapanes@bilzin.com
*Counsel for David Knobel, Jeffrey Pierne, Neal Yawn, Dean Bartness, Siana Stewart and Cid Yousefi*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2017, I electronically filed the foregoing with the Clerk of Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic filing generated by CM/ECF.

      */s/ Kenneth J. Duvall*
      Kenneth Duvall