UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CV-62028-LENARD/GOODMAN

CLINGMAN & HANGER MANAGEMENT
ASSOCIATES, LLC as Trustee

        Plaintiff,

v.

DAVID KNOBEL, JEFFREY PIERNE, NEAL
YAWN, DEAN BARTNESS, SIANA
STEWART, and CID YOUSEFI

        Defendants.

## DECLARATION OF JAMES WARD

1. My name is James Ward, I am over the age of 18, I make this Declaration based upon my personal knowledge, and I am otherwise competent to make this Declaration.

2. It is not my standard practice in all litigation matters to refrain from providing other parties with access to documents produced via third party subpoena. As a general practice, I do provide parties with access to documents produced via third party subpoena.

3. I have both in this case and other cases requested from opposing counsel copies of documents that opposing counsel received in response to a subpoena.

4. I have both in this case and other cases obtained copies of documents from opposing counsel in response to such requests.

5. I do not recall any other instances where I have refused to provide documents obtained pursuant to a subpoena after receiving a request from opposing counsel.

6. I do not have a specific recollection of whether my previous requests for documents obtained by opposing counsel pursuant to Rule 45 have always been honored. Although it is possible that one or more requests have not been complied with, I cannot recall any instances where that occurred.

7. I do not recall an instance where an opposing counsel refused my request for third party production which necessitated my client having to make a formal objection.

8. I have obtained copies of Rule 45 materials from opposing counsel without a Court Order compelling opposing counsel to provide copies.

9. As a matter of course my firm's litigation department follows a practice that documents obtained from third parties pursuant to subpoena should be provided to opposing counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 8, 2017.

James J. Ward, Esq.