UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CV-62028-LENARD/GOODMAN

CLINGMAN & HANGER MANAGEMENT
ASSOCIATES, LLC as Trustee

        Plaintiff,

v.

DAVID KNOBEL, JEFFREY PIERNE, NEAL
YAWN, DEAN BARTNESS, SIANA
STEWART, and CID YOUSEFI

        Defendants.

## DEFENDANTS' MOTION FOR LEAVE TO NOTICE A DISCOVERY HEARING WITHOUT CONSENT OF PLAINTIFF

Defendants David Knobel, Jeffrey Pierne, Neal Yawn, Dean Bartness, Siana Stewart, and Cid Yousefi hereby move for leave to notice a discovery hearing without consent of Plaintiff, and in support state as follows:

1. Under this Court's discovery procedures, it is a fundamental precept that parties engaged in a dispute should be able to agree upon—if nothing else—a hearing date so that the dispute can be addressed by the Court.

2. Regrettably, Plaintiff has refused to abide by this rule by not agreeing to set a hearing date, apparently under the belief that Plaintiff can preemptively adjudicate the merits of the discovery dispute and usurp the authority of the Court.

3. On January 3, 2018, upon the close of fact discovery, Defendants were served with Plaintiff's second amended responses and objections to Defendants' interrogatories.

4. On Friday, January 26, Defendants' counsel emailed Plaintiff's counsel regarding deficiencies in the second amended responses and objections and requested a meet and confer on Monday, January 29.

5. Having not heard back from Plaintiff's counsel, Defendants' counsel again emailed Plaintiff's counsel on Tuesday, January 30, requesting a meet and confer. Plaintiff's counsel responded that they would not be able to meet and confer until Thursday, February 1.

6. On Thursday afternoon, February 1, Defendants' counsel emailed Plaintiff's counsel and asked for a meet and confer, but Plaintiff's counsel deferred the meet and confer until the morning of Friday, February 2—the date of this motion.

7. This morning, Defendants' counsel and Plaintiff's counsel met and conferred regarding the second amended responses and objections. Plaintiff's counsel did not agree to withdraw all objections that Defendants' counsel cited as improper.

8. Accordingly, Defendants' counsel informed Plaintiff's counsel that they would be noticing up the deficiencies in the second amended responses and objections, and asked whether the hearing could take place on February 23, which is the same day that other discovery disputes in this case are already being heard before this Court.[1]

9. But Plaintiff has refused to agree to a hearing date with Defendants' counsel in direct contravention of this Court's discovery procedures.

10. In an effort to avoid bringing this issue to the Court, Defendants further offered that Plaintiff stipulate under Rule 26.1(g) to a seven-day extension of the deadline to raise the dispute. Defendants believed that, in light of Plaintiff's written promise to serve a set of new

---

[1] Defendants first set this hearing date for a discovery dispute with a third party. Subsequently, Plaintiff asked Defendants whether Plaintiff could set its discovery dispute with Defendants on this date, and Defendants readily agreed, in marked contrast to the current dispute.

response and objections (the third amended set) by Wednesday, February 7, such a stipulation might preclude the need for court intervention.

11. Unfortunately, Plaintiff has refused even to stipulate to an extension of Defendants' deadline to file a notice of this dispute.

12. Worse still, just earlier this evening, Plaintiff reneged on its written promise from earlier this same day to serve its third amended responses by Wednesday, February 7.

13. For the first time, Plaintiff now claims that Defendants should have raised any dispute with the **second amended** response within thirty days of service of the **first (unamended)** interrogatory responses.

14. But under Local Rule 26.1(g), Defendants are only required to notice up a hearing within 30 days of when they learned, or should have learned, about the deficiencies in the discovery responses at issue. It was obviously impossible for Defendants to know whether there would be deficiencies in the second amended responses and objections until Defendants were actually served with them.

15. Further, both sets of Plaintiff's interrogatory responses prior to the second amended set included a general objection that fact discovery had not yet closed, and as noted above, the second amended responses were subsequently served at the close of fact discovery. Plaintiff cannot both object to answering interrogatories because fact discovery has not closed and then argue that Defendants cannot raise issues with interrogatory responses that are amended upon the close of fact discovery. Such a bait-and-switch tactic should not be condoned.

16. Finally, any arguments by Plaintiff—whether related to timing or the merits— should be presented at a hearing; they should not and cannot be used to deny Defendants the

opportunity to have a hearing in the first place.  It is for the Court, and not Plaintiff, to pass upon the merits of both Plaintiff and Defendants' arguments, whether substantive or procedural.

17. For these reasons, Defendants now bring this motion for leave for a hearing to determine whether Defendants are entitled to a discovery hearing to rule upon the deficiencies in Plaintiff's second amended responses to the interrogatories.[2]

18. In sum, Defendants request that this Court grant Defendants leave to set a discovery hearing date without consent of Plaintiff (and suggest the February 23 date already set for hearings in this matter), request their attorneys' fees incurred from the filing of this motion, and all other relief the Court deems just and proper under Fed. R. Civ. P. 37 or otherwise.

## **CERTIFICATION PURSUANT TO S.D. Fla. L.R. 7.1(a)(3)**

The undersigned counsel certifies that the parties have met and conferred in a good faith effort to resolve the issues listed above and have not been able to do so.

---

[2] Defendants are fully cognizant of Judge Goodman's procedures regarding discovery disputes, including the proscription against written discovery motions.  In this instance, though, Defendants were left with no other option because Plaintiff would not confirm a hearing date.  Further, Defendants' counsel called Judge Goodman's chambers to confirm that filing this motion was the proper procedural route given the unfortunate posture.

CASE NO. 16-CV-62028-JAL-JG

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE**
 **& AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By:  /s/ Kenneth J. Duvall
**MICHAEL N. KREITZER**
(FBN 705561)
mkreitzer@bilzin.com
**KENNETH DUVALL**
(FBN 121826)
kduvall@bilzin.com
**DAVID W. TRENCH, ESQ.**
(FBN 0202975)
dtrench@bilzin.com
eservice@bilzin.com
mavin@bilzin.com
stapanes@bilzin.com
alopez@bilzn.com
*Counsel for David Knobel, Jeffrey Pierne, Neal Yawn, Dean Bartness, Siana Stewart and Cid Yousefi*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018, I electronically filed the foregoing with the Clerk of Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic filing generated by CM/ECF.

 */s/ Kenneth J. Duvall*
Kenneth Duvall