UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CV-62028-LENARD/GOODMAN

CLINGMAN & HANGER MANAGEMENT
ASSOCIATES, LLC as Trustee

    Plaintiff,

v.

DAVID KNOBEL, JEFFREY PIERNE, NEAL
YAWN, DEAN BARTNESS, SIANA
STEWART, and CID YOUSEFI

    Defendants.

**PARTIES' AGREED MOTION FOR LEAVE TO COMPLETE DEPOSITION OF DEPARTMENT OF EDUCATION AND DEFENDANTS' MOTION TO EXTEND EXPERT DISCLOSURE DEADLINES**

Defendants, David Knobel, Jeffrey Pierne, Neal Yawn, Dean Bartness, Siana Stewart, and Cid Yousefi, together with Plaintiff, move for leave to complete the deposition of Barbara Davis of the United States Department of Education, and Defendants alone move to extend the expert disclosure deadlines, and in support state as follows:

**I.   Preliminary Statement**

1. According to the Amended Complaint, Plaintiff seeks to hold Defendants, who are former officers and employees of Florida Career College ("FCC"), liable for alleged breaches of their fiduciary duties. Plaintiff claims these breaches were the sole cause of the Department of Education's ("DoE") decision to change the manner in which FCC was able to process loan awards for students who attended FCC schools. Plaintiff claims that the DoE's decision caused a catastrophic cash flow shortage that forced FCC's bankruptcy. Thus, the testimony of the DoE is clearly some of the most important evidence in this case.

2. On Wednesday, January 31, 2018, less than one week ago, Plaintiff and Defendants commenced the deposition of Barbara Davis on behalf of the DoE.

3. Plaintiff completed its examination of the witness, and Defendants started their examination. But the witness insisted on adjourning the deposition at approximately the seven (7) hour mark. Consequently, Defendants were not able to complete their examination.

4. Further, at the deposition the witness revealed that the DoE had not fully produced all available documents responsive to Defendants' subpoena. In point of fact, documents have continued to be produced <u>after</u> the deposition.

5. Thus, because of both the premature adjournment of the deposition and the fact that not all responsive documents were timely produced, Defendants were denied the ability to fully inquire of the witness, including questions related to the DoE records central to Plaintiff's allegations that Defendants allegedly obtained federal student loan monies without regard to student enrollment.

6. The parties, therefore, respectfully request that the Court allow them to resume and complete the deposition of the DoE by February 28, 2018.

7. Defendants alone further respectfully request that this Court reschedule expert disclosure deadlines to allow both sides' experts adequate time to review the testimony and exhibits from the completed deposition and rely upon such materials if necessary in their opinions.

## II. The Parties' Need to Resume and Complete the Deposition

8. The testimony of the DoE has emerged as among the most important in this case. As the Court will recall, the Amended Complaint focuses on purported violations of regulations administered by the DoE. In fact, Plaintiff alleges that the collapse of FCC was caused by the misconduct of Defendants in improperly drawing down funds from the DoE and that, but for

such conduct, the DoE would not have implemented any restrictions on the flow of financial aid monies.  Thus, in attempting to establish Defendants' liability, Plaintiff relies heavily on the actions alleged to have been taken by the DoE and on regulations enforced by the DoE.

9.	Specifically, Plaintiff claims it was the DoE's decision on March 31, 2014 to alter the method of Title IV funding—a decision allegedly precipitated by Defendants' actions—that caused the demise of the company and the damages allegedly suffered.  The DoE's designated witness, Barbara Davis, was the management analyst at the Internal Controls Division of the DoE and charged with oversight responsibility over FCC during the relevant period.  Ms. Davis has personal knowledge of the events before, during, and after the decision was made by the DoE to change the manner in which FCC was allowed to process student loans.

10.	Because Ms. Davis lives more than 100 miles from the courthouse in Miami, she is beyond the trial subpoena power of this Court. Thus, under the Federal Rules of Civil Procedure, the parties will only be able to present testimony from the DoE via deposition unless the witness voluntarily agrees to appear at trial.  *See* 32(a)(1)(4) ("*Unavailable Witness*.  A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of . . . trial").

11.	Plaintiff concluded its examination of the DoE after approximately four hours and twenty-six minutes, but Defendants were unable to conclude their examination on that day. After approximately only two hours and forty-three minutes of questioning, counsel for the DoE adjourned the deposition despite the fact that Defendants' counsel was not finished with his questions and Plaintiff's counsel indicated he had follow-up questions for re-direct.  *See* Jan. 31, 2018 Rough Deposition Transcript of Barbara Davis (attached as **Exhibit 1**) at 345:8–12

(Defendants' counsel declaring intent to continue deposition); at 342:2 (Plaintiff's counsel stating that he has follow-up questions).

12.     Although Ms. Davis provided meaningful testimony on a variety of topics,[1] Defendants were unable to explore various issues, including: the scope and timing of the DoE's decision to enforce a "records first" policy with FCC, which Plaintiff contends caused a cash flow crisis; the historical success of FCC in utilizing a "records first" regimen for financial aid reporting; the long-term effect of placing FCC schools on a "records first" program; the record rejection issues caused by the DoE's own software (called COD); examination of twenty-seven (27) exhibits marked for this deposition by Plaintiff plus additional exhibits used at the deposition, which already had been marked at previous depositions in this case; and examination of the multitude of documents that, as explained below, were either (1) not produced to Defendants until after the deposition was adjourned or (2) not produced at all, even though they are responsive to Defendants' subpoena.

13.     Indeed, the DoE did not complete its production of documents responsive to the parties' subpoenas *duces tecum* before the deposition commenced.  In fact, the parties continue to receive additional documents.  A group of documents was received as of Friday, February 2, 2018—two days after the deposition had already been adjourned.  Moreover, many of the documents that the DoE technically produced before the deposition were produced too late for

---

[1] Ms. Davis testified that she had no reason to disbelieve the statements made by Defendants explaining that their reporting issues were the result of technical difficulties caused by a software product developed by a third-party. *See* Exhibit 1 at 276:9–13; 264:24–265:12. The witness further testified that other schools had problems with the same product. *See id.* at 277:18–278:3.  In fact, the witness testified that other schools experienced the very same problem that Defendants complained about, i.e., large numbers of "rejects" of valid student records, thereby creating the misimpression that Defendants lacked the student records to justify the funds drawn down. *See id.* at 278:8–9.

Defendants to use at the deposition, including a production after four p.m. on the eve of the deposition.

14. These documents, which Defendants were unable to use at the deposition, are highly relevant. They include, among other things, correspondence among personnel at the DoE and between personnel at the DoE and personnel of the successor entity to FCC (a third-party called IEC). Some of this correspondence discusses and comments upon the very events at issue in this case. Other correspondence discusses the continued process of substantiating and refunding loan monies from the schools at issue, thereby warranting additional examination of Ms. Davis.

15. Moreover, the DoE still has not completed its production of documents. Ms. Davis testified at deposition that she had not provided multiple reports that were readily available and responsive to Defendants' subpoena issued long ago, including a report of all monies that were drawn-down by the FCC schools during the relevant time period. *See* Exhibit 1 at 225:23–226:4; *see also* Defendants' Subpoena (attached as **Exhibit 2**), Request #1.

16. Similarly, Ms. Davis testified that the DoE did not produce "disbursement reports" that would show which students records were accepted during the relevant time period. *See* Exhibit 1 at 226:7–23. Nor did the DoE produce the SAR (school account statements), which would show draw, disbursement, and refund data on a school level. *See id.* at 226:24–227:23.

17. All of these reports should have been produced to Defendants, but have not yet been produced. Defendants must have the opportunity to examine the DoE about these reports after their production.

18. At a bare minimum, Defendants must have a right to examine Ms. Davis about the newly-produced documents.

19. On the record, Plaintiff's counsel agreed that Defendants' counsel should be able to resume and conclude the deposition. *See id.* 174:6–10 (Plaintiff's counsel: "If you need more time, I'm not going to oppose and I'll join a motion, if you'd like. . . . I will join a motion that ask[s] that she come back for more time."). Plaintiff's counsel confirmed its agreement again multiple times, orally and in writing, before the filing of this motion.

20. This makes it imperative that Defendants and Plaintiff be allowed to conclude their questioning of the DoE witness to provide as complete a record for the jury to assess the merits of this case.

### III. The Experts Should Be Given A Reasonable Period of Time to Consider the DoE's Complete Testimony and Production.

21. Recognizing the importance of this deposition, the Court previously ordered that the deposition be allowed to proceed after the fact discovery deadline. (Dkt. 164). The Court also ordered that expert disclosure deadlines be rescheduled to allow both sides' experts a reasonable opportunity to consider the testimony of, and document production by, the DoE in formulating their opinions. (Dkt. 182).

22. Specifically, the Court set the deadline for Plaintiff's supplemental expert disclosures to be one week after the deposition of the DoE and Defendants' expert disclosures to be two weeks after the same deposition so as to allow both parties' experts the ability to integrate the testimony of the DoE into their reports.

23. As Defendants pointed out in a previous submission to the Court, the DoE had been compelled, and had agreed, to produce documents in connection with its oversight of FCC, but its production was belated. (Dkt. 177 at 7 ¶21; Dkt. 182). For that reason (among others),

this Court pushed back expert discovery deadlines so that Defendants' experts could review all of the DoE's production before submitting their opinions.

24. Defendants still are waiting for the DoE to complete its production and also provide testimony about the many documents produced after the deposition was adjourned.

25. When the Court granted Defendants' previous motion to extend expert deadlines in light of the DoE's belated production and testimony, the Court recognized the fairness of allowing fact discovery to close before the disclosure of expert opinions. Now, as then, Defendants' experts should have the right and adequate time to consider the evidence of a fully-developed record before providing opinions. Now, as then, Defendants are not at fault for the delay of others in the production of responsive documents, and their experts should not be prejudiced by being forced to complete their opinions without a complete record.

26. Therefore, in addition to seeking leave to resume and complete the deposition of the DoE, Defendants request that the Court reset expert deadlines to allow the completed deposition testimony of the DoE to be considered by the experts in their opinions. Otherwise, the Court's plan to allow the experts to consider a complete factual record will be frustrated and a resolution of this case on the full merits will be impeded.

### IV. Request for Expedited Briefing

27. In light of the current expert deadlines (February 7, 2018 for Plaintiff's experts' supplements, February 14 for Defendants' expert disclosures, and related deadlines for the deposition of experts), Defendants respectfully request this Court to order that any response to this motion be filed by Wednesday, February 7, 2018, so that the Court may consider the requested relief in a timely fashion. The Court should be aware that Plaintiff's first expert

deposition is currently scheduled for this Friday, February 9, 2018, followed by a second expert deposition on Monday, February 12, 2018.

### V. Requested Relief

28.     Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." Defendants respectfully submit that good cause exists for leave to resume and complete the deposition of the DoE, as discussed above.

29.     Defendants also request that the Court modify the expert discovery deadlines in light of the current, incomplete status of discovery. Defendants request that the deadlines be modified as follows:

- a. Parties' deadline to resume and complete the deposition of the Department: February 28, 2018 or such earlier day as the DoE states its first availability;
- b. Plaintiff's deadline to furnish supplemental expert disclosures: one week following the termination of the Davis deposition;
- c. Plaintiff's deadline to make its experts available: two weeks following the termination of the Davis deposition;
- d. Defendants' deadline to furnish expert disclosures: two weeks following the termination of the Davis deposition; and
- e. Defendants' deadline to make their experts available: three weeks following the termination of the Davis deposition.

### CERTIFICATION PURSUANT TO S.D. Fla. L.R. 7.1(a)(3)

The undersigned counsel certifies that the parties have met and conferred. Plaintiff does not oppose the requested relief to resume and complete the deposition of the DoE, though the

DoE does oppose the requested relief. Plaintiff does not agree to the request to extend the deadlines for expert disclosures.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By: /s/ Michael N. Kreitzer
**MICHAEL N. KREITZER**
(FBN 705561)
mkreitzer@bilzin.com
**KENNETH DUVALL**
(FBN 121826)
kduvall@bilzin.com
**DAVID W. TRENCH, ESQ.**
(FBN 0202975)
dtrench@bilzin.com
eservice@bilzin.com
mavin@bilzin.com
stapanes@bilzin.com
alopez@bilzn.com
*Counsel for David Knobel, Jeffrey Pierne, Neal Yawn, Dean Bartness, Siana Stewart and Cid Yousefi*

### CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2018, I electronically filed the foregoing with the Clerk of Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic filing generated by CM/ECF, and served on the DoE's counsel via email.

/s/ Kenneth J. Duvall
Kenneth Duvall

MIAMI 5755654 82147/47883